UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                    No. 2:18-CR-20001-001

JAKE C. FILES                                                                               DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Jake C. Files's motion (Doc. 31) for early termination of supervised release. The Government filed a response (Doc. 32) in opposition. The motion will be denied.

On January 29, 2018, Defendant waived indictment and pled guilty to a three-count information charging him with wire fraud, engaging in monetary transactions in property derived from specified unlawful activity, and bank fraud. On June 18, 2018, Defendant was sentenced to 18 months imprisonment on each count, with the terms to run concurrently, and three years supervised release on each count to run concurrently. Defendant was also ordered to pay $83,903.77 in restitution and a $300 special assessment. On November 8, 2019, Defendant was released from prison and his term of supervised release began. Defendant now requests early termination of supervised release because he has paid his restitution and special assessment, has remained compliant, and termination would allow him to travel freely and pursue work opportunities. The Government argues early termination is not warranted because Defendant has the ability to travel with permission from the United States Probation Office and compliance with terms of supervised release is the expectation.

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if, after considering the factors in 18 U.S.C. § 3553(a), it is satisfied

1

"that such action is warranted by the conduct of the defendant released and the interest of justice." "[M]ere compliance with the conditions of release is not enough to merit early termination of supervised release because . . . 'full compliance with the terms of supervised release is what is expected . . . .'" *United States v. Mathias-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015) (citing *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). Compliance is "not the exceptional behavior that would warrant premature termination of supervised release." *United States v. Osorio*, No. CR-11-0524, 2016 WL 4098589, at *2 (E.D.N.Y) (internal quotations and citation omitted). "A defendant must instead 'show something "of unusual or extraordinary nature" in addition to full compliance.'" *United States v. Wesley*, 311 F. Supp. 3d 77, 82 (D.D.C. 2018) (citing *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003))). When the court has presided over sentencing and is well acquainted with a defendant's case, an explanation of the § 3553(a) factors or denial of early termination of supervised release is not required. *United States v. Mosby*, 719 F.3d 925, 931 (8th Cir. 2013) (upholding district court order summarily denying early termination because district court was intimately familiar with defendant's case).

Here, Defendant has not shown conduct that warrants early termination of supervised release. While the Court recognizes Defendant's technical compliance in securing a private loan to pay his restitution, payment is merely that—compliance. Defendant's conduct on supervised release has been what is expected, not anything unusual or extraordinary in nature.

Further, the 3553(a) factors weigh against early termination. As to the nature and circumstances[1] of the offenses, Defendant was an Arkansas State Senator and abused this position

---

[1] The presentence investigation report (Doc. 19) contains a full statement of the nature and circumstances of the offenses. The nature and circumstances were also stated on the record at the sentencing hearing.

2

of trust. Beginning in 2012, Defendant approached the City of Fort Smith ("the City") to propose development of the River Valley Sports Complex ("RVSC") and in 2014 the City signed a contract for Defendant to develop RVSC. In August 2016, Defendant encouraged the City and the Chaffee Crossing Redevelopment Authority ("CCRA") to apply for a General Improvement Fund ("GIF") grant from the Arkansas Department of Finance and Administration. Defendant's status as a state senator allowed him to exert substantial control and authority over the GIF money appropriated. In order to receive GIF money, three written quotes were required and Defendant fraudulently prepared three quotes for the sole purpose of obtaining the GIF grant funds. In December 2016, $26,945.91 in GIF money was released to the City and the City eventually disbursed over $26,000 to Dianna Gonzalez. Gonzalez, under the direction of Defendant, opened a bank account for the funds and purchased a cashiers' check for $11,000, took out $14,000 in cash, and delivered the money to Defendant. Defendant then deposited the check into an overdrawn personal checking account and, at the time of sentencing, the $14,000 in cash was still unaccounted for.

      Defendant's conduct continued into 2017, when he requested another draw on the remaining portions of the GIF funds. Defendant's conduct only stopped because the Western Arkansas Planning and Development District—the agency in charge of dispersing GIF funds—discovered the previously submitted bids were fraudulent. Defendant also committed bank fraud in 2016 when he refinanced a loan with First Western Bank and granted the bank a security interest in equipment he no longer owned. The principal amount of the loan was $56,746.55.

      The nature and circumstances of the offenses do not support early termination and the Court finds a reduction in Defendant's term of supervised release would not adequately reflect the seriousness of the offense or the need to provide just punishment. The Court further notes Count 3 of the Information—which Defendant pled guilty to—had a supervised release guideline range

of 2 to 5 years, and at sentencing the Court found a term of supervised release of 3 years was sufficient, but not greater than necessary to comply with the goals of sentencing. Any reduction of the sentence imposed in this case on the basis of mere compliance with terms of the sentence would defeat the goals of sentencing.

    IT IS THEREFORE ORDERED that Defendant's motion (Doc. 31) for early termination of supervised release is DENIED.

    IT IS SO ORDERED this 8th day of November, 2021.

                                          /s/ P. K. Holmes, III
                                          P.K. HOLMES, III
                                          U.S. DISTRICT JUDGE